UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HAMZA TOPLU, YUNUS EMRE OZMERT, *on behalf of themselves and all other persons similarly situated,*

Plaintiffs,

-against-

TAVERNA ON THE HUDSON L.L.C., JOHN DAWLI and HUSSAM SHAHEN,

Defendants.

Case No.: 2:26-cv-3211

**COMPLAINT**

**COLLECTIVE AND CLASS ACTION**

Plaintiffs, HAMZA TOPLU and YUNUS EMRE OZMERT, ("Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys of record, Sacco & Fillas, LLP, complaining of TAVERNA ON THE HUDSON L.L.C., JOHN DAWLI and HUSSAM SHAHEN (Collectively, "Defendants"), respectfully alleges, upon information and belief, as follows:

## 1. NATURE OF THE COMPLAINT

1. This is a wage and hour action. Plaintiffs seek to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and unpaid minimum wages, unpaid overtime wages, unpaid and withheld wages, liquidated damages, attorneys' fees, costs, interest, and other relief under New Jersey law.

2. Plaintiffs seek all wages, liquidated damages, statutory damages, attorneys' fees, costs, interest, and other relief available under the FLSA and New Jersey law.

## 2. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' claims under the N.J.S.A. § 34:11-56a, et seq., and N.J.S.A. 34:11-4.1 et seq.

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, as Defendant TAVERNA ON THE HUDSON L.L.C. is located and operated by Defendants in the District of

New Jersey at 1 Flagship St, Bayonne, NJ 07002.

## 3. PARTIES

### 3.1. Plaintiff HAMZA TOPLU

5. Defendants employed Plaintiff HAMZA TOPLU from approximately September 15, 2023 to April 7, 2024.

6. Plaintiff HAMZA TOPLU's job title was busser.

7. Plaintiff HAMZA TOPLU's work included bartending, cleaning, dishwashing, waiting tables, delivery and distributing flyers.

8. Plaintiff HAMZA TOPLU's worksite address was located at 1 Flagship St, Bayonne, NJ 07002.

9. Plaintiff, HAMZA TOPLU, was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

10. Throughout his employment, Plaintiff, HAMZA TOPLU, was an employee of Defendants within the meaning of the FLSA and New Jersey state law.

### 3.2. Plaintiff YUNUS EMRE OZMERT

11. Plaintiff YUNUS EMRE OZMERT worked for Defendants from approximately February 13, 2024, to May 9, 2024.

12. Plaintiff YUNUS EMRE OZMERT was employed as a dishwasher whose tasks included dishwashing, bussing, cooking, cleaning, and helping in the kitchen.

13. Plaintiff YUNUS EMRE OZMERT was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

14. Throughout his employment, Plaintiff, YUNUS EMRE OZMERT, was an employee

of Defendants within the meaning of the FLSA and New Jersey state law.

**3.3. <u>Defendant TAVERNA ON THE HUDSON L.L.C.</u>**

15. Defendant TAVERNA ON THE HUDSON L.L.C., Entity ID No. 0450999740, is a New Jersey limited liability company that owns and operates a restaurant located at 1 Flagship Street, Bayonne, New Jersey 07002.

16. Defendant TAVERNA ON THE HUDSON L.L.C. is a Mediterranean restaurant that serves Halal food that is delicious and traditional meal from beef kebabs, chicken kebabs and seafoods meals, along with appetizers and oven cook meals and soft drinks or liquor at the bar.

17. Defendant TAVERNA ON THE HUDSON L.L.C. provides lunch and dinner to customers.

18. Defendant TAVERNA ON THE HUDSON L.L.C. maintains a website identifying its menu, contact information, and location.

19. Defendant TAVERNA ON THE HUDSON L.L.C. maintains its business and principal executive office address at 1 Flagship St, Bayonne, NJ 07002.

20. Defendant TAVERNA ON THE HUDSON L.L.C. operated using the phone number "201-326-2193".

21. Defendant TAVERNA ON THE HUDSON L.L.C. responds to emails from tavernaonthehudson@gmail.com

22. Defendant TAVERNA ON THE HUDSON L.L.C. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

23. In the three years preceding the filing of this Complaint, Defendant TAVERNA ON THE HUDSON L.L.C. has had an annual gross volume of sales in excess of $500,000.00.

24. Defendant TAVERNA ON THE HUDSON L.L.C.'s hours of operation were seven days per week.

25. Defendant TAVERNA ON THE HUDSON L.L.C. had multiple non-exempt employees, including bussers, dishwashers, kitchen helpers, and other restaurant staff.

26. Upon information and belief, Defendant TAVERNA ON THE HUDSON L.L.C. is still an active business as an ongoing concern.

27. Upon information and belief, Defendant TAVERNA ON THE HUDSON L.L.C. maintains a business account with TD BANK, N.A.

28. Defendant TAVERNA ON THE HUDSON L.L.C. was Plaintiffs' employer within the meaning of the FLSA and N.J.S.A.

29. Defendant TAVERNA ON THE HUDSON L.L.C. employed Plaintiffs within the meaning of the FLSA and N.J.S.A.

30. Defendant TAVERNA ON THE HUDSON L.L.C. had power to hire and fire Plaintiffs, set Plaintiffs' work schedules, direct, and supervise Plaintiffs, set Plaintiffs' amount, rate and method of payment, and maintain payroll records concerning Plaintiffs.

### 3.4. **Defendant JOHN DAWLI**

31. Defendant JOHN DAWLI is the owner of Defendant TAVERNA ON THE HUDSON L.L.C.

32. Defendant JOHN DAWLI is the principal of Defendant TAVERNA ON THE HUDSON L.L.C.

33. Upon information and belief, Defendant JOHN DAWLI exercised operational control over the restaurant operating at 1 Flagship Street, Bayonne, New Jersey 07002.

34. Defendant JOHN DAWLI holds himself out and represents that he is the owner of the Defendant TAVERNA ON THE HUDSON L.L.C.

35. Throughout Plaintiffs' employment, Defendant JOHN DAWLI managed Plaintiffs' work.

36. Defendant JOHN DAWLI participated in hiring employees like Plaintiffs.

37. Defendant JOHN DAWLI had power to terminate employees like Plaintiffs.

38. Throughout Plaintiffs' employment, Defendant JOHN DAWLI determined Plaintiffs' rates of pay.

39. Throughout Plaintiffs' employment, Defendant JOHN DAWLI exercised control over Plaintiffs' payroll records.

40. Defendant JOHN DAWLI hired Plaintiff HAMZA TOPLU.

41. Defendant JOHN DAWLI supervised Plaintiff HAMZA TOPLU.

42. Defendant JOHN DAWLI set work hours of Plaintiff HAMZA TOPLU.

43. Defendant JOHN DAWLI paid Plaintiff HAMZA TOPLU.

44. Defendant JOHN DAWLI kept payroll records regarding Plaintiff HAMZA TOPLU to the extent that such records existed.

45. Defendant JOHN DAWLI fired Plaintiff HAMZA TOPLU.

46. Defendant JOHN DAWLI hired Plaintiff YUNUS EMRE OZMERT.

47. Defendant JOHN DAWLI supervised Plaintiff YUNUS EMRE OZMERT.

48. Defendant JOHN DAWLI set the work hours of Plaintiff YUNUS EMRE OZMERT.

49. Defendant JOHN DAWLI paid Plaintiff YUNUS EMRE OZMERT.

50. Defendant JOHN DAWLI kept payroll records regarding Plaintiff YUNUS EMRE OZMERT to the extent that such records existed.

51. Defendant JOHN DAWLI fired Plaintiff YUNUS EMRE OZMERT.

52. Defendant JOHN DAWLI exercised sufficient control over Defendant TAVERNA

ON THE HUDSON L.L.C.'s operations to be considered Plaintiffs' employer under the FLSA and the N.J.S.A.

53. Defendant JOHN DAWLI had power to hire and fire Plaintiffs, set Plaintiffs' work schedules, directed and supervised Plaintiffs at work, set Plaintiffs' amount, rate, and method of payment, and maintained payroll records concerning Plaintiffs.

54. At all times alleged herein, Defendant JOHN DAWLI was Plaintiffs' employer within the meaning of the FLSA and N.J.S.A.

**3.5. <u>Defendant HUSSAM SHAHEN</u>**

55. Upon information and belief, Defendant HUSSAM SHAHEN is a principal of TAVERNA ON THE HUDSON L.L.C.

56. Defendant HUSSAM SHAHEN exercised operational control over the business decisions and management of Defendant TAVERNA ON THE HUDSON L.L.C.

57. Upon information and belief, Defendant HUSSAM SHAHEN resided in New Jersey during the relevant period and exercised operational control over the restaurant and the terms and conditions of Plaintiffs' work.

58. Throughout Plaintiffs' employment, Defendant HUSSAM SHAHEN supervised the work of Plaintiffs performed and that of all other similarly situated employees.

59. Throughout Plaintiffs' employment, Defendant HUSSAM SHAHEN managed Plaintiffs' work.

60. Defendant HUSSAM SHAHEN hired Plaintiff HAMZA TOPLU.

61. Defendant HUSSAM SHAHEN supervised Plaintiff HAMZA TOPLU.

62. Defendant HUSSAM SHAHEN set work hours of Plaintiff HAMZA TOPLU.

63. Defendant HUSSAM SHAHEN paid Plaintiff HAMZA TOPLU.

64. Defendant HUSSAM SHAHEN kept payroll records regarding Plaintiff HAMZA

TOPLU to the extent that such records existed.

65. Defendant HUSSAM SHAHEN fired Plaintiff HAMZA TOPLU.

66. Defendant HUSSAM SHAHEN hired Plaintiff YUNUS EMRE OZMERT.

67. Defendant HUSSAM SHAHEN supervised Plaintiff YUNUS EMRE OZMERT.

68. Defendant HUSSAM SHAHEN set the work hours of Plaintiff YUNUS EMRE OZMERT.

69. Defendant HUSSAM SHAHEN paid Plaintiff YUNUS EMRE OZMERT.

70. Defendant HUSSAM SHAHEN kept payroll records regarding Plaintiff YUNUS EMRE OZMERT to the extent that such records existed.

71. Defendant HUSSAM SHAHEN fired Plaintiff YUNUS EMRE OZMERT.

72. Defendant HUSSAM SHAHEN exercised sufficient control over TAVERNA ON THE HUDSON L.L.C.'s operations to be considered Plaintiffs' employer under the FLSA and the N.J.S.A.

73. Defendant HUSSAM SHAHEN had power to hire and fire Plaintiffs, set Plaintiffs' work schedules, directed and supervised Plaintiffs at work, set Plaintiffs' amount, rate, and method of payment, and maintained payroll records concerning Plaintiffs.

74. At all times alleged herein, Defendant HUSSAM SHAHEN was Plaintiffs' employer within the meaning of the FLSA and N.J.S.A.

## 4. <u>COLLECTIVE ACTION ALLEGATIONS</u>

75. Plaintiffs bring the FLSA claim in this Complaint on behalf of themselves and all similarly situated current and former non-exempt employees of Defendants who worked for Defendants during the three years preceding the filing of this action and who file written consents to join this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

76. Plaintiffs bring their New Jersey law claims on behalf of themselves and all similarly

situated current and former non-exempt employees of Defendants who worked in New Jersey during the six years preceding the commencement of this action (the "New Jersey Class").

77. Upon information and belief, the FLSA Collective and New Jersey Class include numerous non-exempt employees whose identities are ascertainable from Defendants' payroll, scheduling, and personnel records.

78. As part of their regular business practices, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of failing to keep accurate records of hours worked and failing to pay employees all wages due, including overtime wages for hours worked over forty in a workweek and, for some employees and workweeks, minimum wages and other wages due under New Jersey law.

79. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused monetary damage to Plaintiffs, the FLSA Collective, and the New Jersey Class.

80. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' payroll, scheduling, and personnel records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

**5. <u>CLASS ACTION ALLEGATIONS</u>**

81. Plaintiffs bring this action pursuant to Rules 23(a) and 23(b) of the Rules of Civil Procedure, on behalf of themselves and the following Class:

> all individuals currently or formerly employed by Defendants as non-exempt employees who worked in New Jersey during the six years preceding the commencement of this action and who were not paid all wages required by New Jersey law, including minimum wages, overtime wages, and other wages due.

82. The classes are so numerous that joinder of all members is impracticable.

83. There are questions of law or fact common to the class, including but not limited to

a. Whether employees of Defendants were paid overtime at a lawful rate under the N.J.S.A;

b. Whether Defendants maintained payroll records as required under the N.J.S.A;

c. Whether Defendants' violations were knowing and/or willful;

84. The claims or defenses of the representative parties are typical of the claims or defenses of the class.

85. The representative parties will fairly and adequately protect the interests of the class.

86. The questions of law or fact common to class members predominate over any questions affecting only individual members.

87. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy given the class members' interests in individually controlling the prosecution or defense of separate actions, the extent and nature of any litigation concerning the controversy already begun by or against class members, the desirability or undesirability of concentrating the litigation of the claims in the forum, the likely difficulties in managing a class action.

## 6. FACTUAL ALLEGATIONS

### 6.1. Wage and Hour Allegations

88. Defendants maintained some payroll and pay records for some employees and pay periods but failed to maintain accurate records of all hours worked, all wages paid, all overtime hours, and all amounts lawfully due.

#### 6.1.1. Plaintiff HAMZA TOPLU

89. During portions of his employment, Plaintiff HAMZA TOPLU was paid in cash fixed weekly sums, including approximately $320.00 for one week, approximately $480.00 for eight

weeks, and thereafter approximately $950.00 for approximately twenty-one weeks. During other portions of his employment, Defendants issued payroll checks and/or payroll records in Plaintiff's name, including records reflecting an hourly rate and additional wages, but Defendants failed to record and pay all hours actually worked and failed to pay lawful overtime for hours worked over forty in a workweek.

90. Plaintiff HAMZA TOPLU did not receive compensation at the rate of time and a half the regular rate for each hour worked over forty (40), i.e., overtime.

91. Plaintiff HAMZA TOPLU worked approximately six days per week.

92. Plaintiff HAMZA TOPLU worked from approximately 11:00 a.m. to 12:00 a.m. four days per week and from 11:00 AM to 1:00 A.M two days per week

93. Plaintiff HAMZA TOPLU worked approximately 80 hours per week.

94. Plaintiff's pay rates did not change depending on the number of hours worked.

95. Plaintiff's pay did not increase if Plaintiff worked more hours.

96. Plaintiff's pay rate did not change depending on the number of hours worked.

97. Defendants hired Plaintiff HAMZA TOPLU as a busser and required him to perform other duties including bartending, cleaning bathrooms and the kitchen, dishwashing, waiting tables, making deliveries, and distributing flyers for the business.

**6.1.2. <u>Plaintiff YUNUS EMRE OZMERT</u>**

98. Plaintiff YUNUS EMRE OZMERT was paid a fixed weekly sum of approximately $600.00.

99. During his employment, Defendants at times paid Plaintiff YUNUS EMRE OZMERT late and/or in incomplete amounts, including for approximately three weeks, and Defendants failed to pay him his final week of wages.

100. Plaintiff YUNUS EMRE OZMERT did not receive compensation at the rate of time

and a half the regular rate for each hour worked over forty (40), i.e., overtime.

101. Plaintiff YUNUS EMRE OZMERT worked approximately six days per week.

102. Plaintiff YUNUS EMRE OZMERT worked from approximately 11:00 AM to 11:00 PM six days per week, with 15 minutes of breaks per day.

103. Plaintiff YUNUS EMRE OZMERT worked approximately 70.5 hours per week.

104. Plaintiff's pay rates did not change depending on the number of hours worked.

105. Plaintiff's pay did not increase if Plaintiff worked more hours.

106. Plaintiff's pay rate did not change depending on the number of hours worked.

107. Defendants hired Plaintiff YUNUS EMRE OZMERT as a dishwasher and required him to perform other duties such as bussing, cooking, cleaning, and helping in the kitchen.

## 7. CLAIMS

### 7.1. FIRST CLAIM – New Jersey State Wage and Hour Law – Unpaid Minimum Wages

108. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

109. The New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq., requires covered employers to pay employees at least the applicable minimum wage for each hour worked.

110. Defendants TAVERNA ON THE HUDSON L.L.C., JOHN DAWLI, and HUSSAM SHAHEN were employers of Plaintiff YUNUS EMRE OZMERT within the meaning of the New Jersey State Wage and Hour Law.

111. Defendants failed to pay Plaintiff YUNUS EMRE OZMERT, and other similarly situated employees, the applicable minimum wage for one or more workweeks.

112. Defendants' failure to pay the applicable minimum wage was willful and without good faith.

113. As a result of Defendants' violations of the New Jersey State Wage and Hour Law, Plaintiff YUNUS EMRE OZMERT and other similarly situated employees are entitled to recover

unpaid minimum wages, liquidated damages, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and such other relief as the Court deems just and proper.

### 7.2. SECOND CLAIM - Fair Labor Standards Act - Unpaid Overtime Wages

114. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

115. Defendants TAVERNA ON THE HUDSON L.L.C., JOHN DAWLI, and HUSSAM SHAHEN were required to pay Plaintiffs and the FLSA Collective one and one-half times their regular rates of pay for all hours worked in excess of forty hours in a workweek pursuant to 29 U.S.C. § 207.

116. Defendants TAVERNA ON THE HUDSON L.L.C., JOHN DAWLI, and HUSSAM SHAHEN are employers within the meaning of 29 U.S.C. § 203(d) and employed Plaintiffs and the FLSA Collective.

117. Defendants TAVERNA ON THE HUDSON L.L.C., JOHN DAWLI, and HUSSAM SHAHEN failed to pay Plaintiffs and the FLSA collective the overtime wages to which they were entitled under the FLSA.

118. Defendants TAVERNA ON THE HUDSON L.L.C., JOHN DAWLI, and HUSSAM SHAHEN willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA collective the proper overtime wage rate.

119. Due to Defendants' TAVERNA ON THE HUDSON L.L.C., JOHN DAWLI, and HUSSAM SHAHEN violations of the FLSA, Plaintiffs and the FLSA collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### 7.3. THIRD CLAIM - New Jersey Statutes - Unpaid Overtime Wages

120. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

121. Under New Jersey State Wage and Hour Law, Defendants TAVERNA ON THE

HUDSON L.L.C., JOHN DAWLI, and HUSSAM SHAHEN were required to pay Plaintiffs and other similarly situated employees one and one-half (1 ½) times their regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek.

122. Defendants TAVERNA ON THE HUDSON L.L.C., JOHN DAWLI, and HUSSAM SHAHEN failed to pay Plaintiffs and other similarly situated employees the overtime wages to which they were entitled to under the N.J.S.A. and its supporting regulations.

123. Defendants TAVERNA ON THE HUDSON L.L.C., JOHN DAWLI, and HUSSAM SHAHEN willfully violated the N.J.S.A. and its supporting regulations by knowingly and intentionally failing to pay Plaintiffs and other similarly situated employees overtime wages.

124. Due to Defendants' TAVERNA ON THE HUDSON L.L.C., JOHN DAWLI, and HUSSAM SHAHEN willful violations of the N.J.S.A., Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre-judgment and post-judgment interest.

### 7.4. FOURTH CLAIM – New Jersey Wage Payment Law / Wage Collection – Unpaid and Withheld Wages.

125. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

126. Defendants TAVERNA ON THE HUDSON L.L.C., JOHN DAWLI, and HUSSAM SHAHEN were employers of Plaintiffs within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.

127. The New Jersey Wage Payment Law requires employers to pay employees the full amount of wages due on regular paydays, prohibits employers from withholding or diverting wages except as permitted by law, and requires employers to pay all wages due upon an employee's separation from employment not later than the regular payday for the pay period during which the separation occurred.

128. During the relevant period, Defendants failed to pay Plaintiff YUNUS EMRE

OZMERT, and upon information and belief other similarly situated employees, all wages due in the time and manner required by law, including by paying wages late and/or in incomplete amounts and by failing to pay all final wages due upon separation from employment.

129. By way of example, Defendants paid Plaintiff YUNUS EMRE OZMERT late and/or in incomplete amounts for approximately three weeks and failed to pay him his final week of wages.

130. Upon information and belief, Defendants knowingly failed to pay the full amount of wages due and/or knowingly withheld wages in violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.

131. As a direct and proximate result of Defendants' violations of the New Jersey Wage Payment Law, Plaintiff YUNUS EMRE OZMERT and other similarly situated employees suffered damages in an amount to be determined at trial.

132. Pursuant to N.J.S.A. 34:11-4.10(c), Plaintiff YUNUS EMRE OZMERT and other similarly situated employees are entitled to recover the full amount of unpaid and withheld wages due, liquidated damages, reasonable attorneys' fees, costs of the action, and such other relief as the Court deems just and proper.

## 8. PRAYER FOR RELIEF

**WHEREFORE**, cause having been shown, Plaintiffs respectfully prays for judgment against Defendants providing the following relief:

A. Awarding Plaintiffs and the FLSA Collective the full amount of unpaid overtime compensation, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs due under the Fair Labor Standards Act;

B. Awarding Plaintiff YUNUS EMRE OZMERT and the New Jersey Class the full amount of unpaid minimum wages, together with liquidated damages, pre-judgment and post-judgment

interest, attorneys' fees, and costs due under New Jersey law;

C. Awarding Plaintiffs and the New Jersey Class the full amount of unpaid overtime compensation, together with liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs due under New Jersey law;

D. Awarding Plaintiff YUNUS EMRE OZMERT and other similarly situated employees all unpaid and withheld wages due under the New Jersey Wage Payment Law, together with liquidated damages, attorneys' fees, costs, pre-judgment and post-judgment interest, and such other relief as permitted by law; and

E. Granting such other and further legal and equitable relief as the Court deems just and proper.

**9. DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury in this action on all of the triable issues of this Complaint.

Dated: Astoria, New York
March 25, 2026

Respectfully submitted,

By: */s/ Clifford Tucker*

Clifford Tucker, Esq.
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor,
Astoria, NY 11102
CTucker@SaccoFillas.com
Ph: 718-269-2243

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New Jersey Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Asgari ücret, fazla mesai, çalışma saatlerinin dağılımı, bahşişler, yasal ve nakdi zararlar, avukatlık ücretleri, maliyetler, faizler ve bana borçlu olunan diğer meblağlar dahil ancak bunlarla sınırlı olmamak üzere ödenmemiş ücretlerin geri alınmasına yönelik bir davada taraf davacı olmayı kabul ediyorum. ve federal Adil Çalışma Standartları Yasası, New Jersey İş Yasası ve uygulama yönetmelikleri ve ücret emirleri kapsamındaki diğer benzer konumdaki çalışanlar.

İşbu belge ile Sacco & Fillas LLP'ye, gerekli olabilecek davalar da dahil olmak üzere, sahip olabileceğim her türlü iddiayı takip etme yetkisi veriyorum ve burada bir davacı olmayı ve bu dava veya karara ilişkin herhangi bir uzlaşmaya bağlı kalmayı kabul ediyorum, kabul ediyorum ve tercih ediyorum. mahkeme.

Name/ Nombre: Yunus Ozmert

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/ Imza: Yunus Ozmert (Jun 19, 2024 19:02 EDT) Date/ Tarih: 06/19/24

# EQUPMENT - PL Consent to sue - FLSA and New Jersey (Turkish)

Final Audit Report 2024-06-19

| | |
|---|---|
| Created: | 2024-06-05 |
| By: | Stacie Iturbide (siturbide@saccofillas.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAATDcuDnM7Si7pQ23d3V2jSDL8TCqQ3JYq |

## "EQUPMENT - PL Consent to sue - FLSA and New Jersey (Turkish)" History

- Document created by Stacie Iturbide (siturbide@saccofillas.com)
  2024-06-05 - 4:48:38 PM GMT

- Document emailed to Yunus Ozmert (yunusozmert77@gmail.com) for signature
  2024-06-05 - 4:48:42 PM GMT

- Email viewed by Yunus Ozmert (yunusozmert77@gmail.com)
  2024-06-19 - 10:59:33 PM GMT

- Document e-signed by Yunus Ozmert (yunusozmert77@gmail.com)
  Signature Date: 2024-06-19 - 11:02:57 PM GMT - Time Source: server

- Agreement completed.
  2024-06-19 - 11:02:57 PM GMT

# CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New Jersey Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Asgari ücret, fazla mesai, çalışma saatlerinin dağılımı, bahşişler, yasal ve nakdi zararlar, avukatlık ücretleri, maliyetler, faizler ve bana borçlu olunan diğer meblağlar dahil ancak bunlarla sınırlı olmamak üzere ödenmemiş ücretlerin geri alınmasına yönelik bir davada taraf davacı olmayı kabul ediyorum. ve federal Adil Çalışma Standartları Yasası, New Jersey İş Yasası ve uygulama yönetmelikleri ve ücret emirleri kapsamındaki diğer benzer konumdaki çalışanlar.

İşbu belge ile Sacco & Fillas LLP'ye, gerekli olabilecek davalar da dahil olmak üzere, sahip olabileceğim her türlü iddiayı takip etme yetkisi veriyorum ve burada bir davacı olmayı ve bu dava veya karara ilişkin herhangi bir uzlaşmaya bağlı kalmayı kabul ediyorum, kabul ediyorum ve tercih ediyorum. mahkeme.

Name/ İsim: Hamza Toplu

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/ İmza: [signature] Hamza Toplu (Apr 2, 2024 14:41 EDT) Date/ Tarih: 02/04/24

# Consent to sue - FLSA and New Jersey - Turkish

Final Audit Report 2024-04-02

| | |
|---|---|
| Created: | 2024-04-02 |
| By: | Clifford Tucker (ctucker@saccofillas.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAbjQ_62sG2caI42tB-eSANxbbPqLBwURX |

## "Consent to sue - FLSA and New Jersey - Turkish" History

Document created by Clifford Tucker (ctucker@saccofillas.com)
2024-04-02 - 6:41:06 PM GMT

Document emailed to Hamza Toplu (hamzatoplu42@gmail.com) for signature
2024-04-02 - 6:41:11 PM GMT

Email viewed by Hamza Toplu (hamzatoplu42@gmail.com)
2024-04-02 - 6:41:25 PM GMT

Document e-signed by Hamza Toplu (hamzatoplu42@gmail.com)
Signature Date: 2024-04-02 - 6:41:55 PM GMT - Time Source: server

Agreement completed.
2024-04-02 - 6:41:55 PM GMT